IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MARK M. KAUSHANSKY,**

        Petitioner,

v.                                        Civil Action No. 2:07cv97
                                         (Judge Maxwell)

**WAYNE A. PHILLIPS, Warden,**

        Respondent.

## REPORT AND RECOMMENDATION

The petitioner initiated this case on November 28, 2007, by filing an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 in which he seeks an order directing the Bureau of Prisons ("BOP") to place him for a full six months in a Residential Re–entry Center ("RRC") as opposed to only the last 10% of his sentence. The petitioner paid the required filing fee on December 17, 2007.

On December 26, 2007, the undersigned made a preliminary review of the file and determined that summary dismissal was not warranted at that time. Consequently, the respondent was directed to show cause why the petition should not be granted. On January 25, 2008, the respondent filed a Motion to Dismiss as Moot, and on January 28, 2008, a Roseboro Notice was issued. On February 26, 2008, the petitioner filed a response and again requested that the Court direct the respondent to give him a full six months in a RRC. This case is before the undersigned for a report and recommendation pursuant to LR PL P 83.09, et seq.

### I. Factual and Procedural History

On June 28, 2007, the petitioner was sentenced in the United States District Court for the Western District of Pennsylvania to fifteen (15) months incarceration for violation of 18 U.S.C. § 371,

1

Conspiracy to Commit Offense Against the United States and 26 U.S.C. § 7201, Attempt to Evade or Defeat Tax.(Doc. 7-4, p. 2). The petitioner was committed to the custody of the BOP on September 24, 2007, and was subsequently designated to serve his sentence at FCI Morgantown. His statutory projected release date is October 25, 2008, via Good Conduct Time Release. (Id.). On January 17, 2008, the petitioner's unit team conducted a review of his case and drafted a recommendation for petitioner's placement in a RRC. (Doc. 11). Based on that review, the petitioner has been recommended for 30-45 days in a RRC prior to his release. ( Id.).

In the petition, the petitioner asserts that FCI Morgantown has a policy of capping an inmate's release time to a RRC at 10% [of the sentence imposed], a practice which has been ruled unconstitutional by a number of courts, including this one. The Government contends, however, that the petition should be dismissed as moot because in deciding petitioner's referral date, the BOP considered the five factors set forth in 18 U.S.C. § 3621(b) without regard to a 10% limitation. Therefore, the Government argues that the petitioner has received the only relief available to him and that there is no live case or controversy remaining.

## II. Historical Background

Prior to December 2002, the BOP had a policy of placing prisoners in a RRC[1] for up to six months, regardless of the total length of the inmate's sentence. See BOP Program Statement 7310.04. However on December 13, 2002, the Office of Legal Counsel for the Department of Justice issued a memorandum stating that this practice was inconsistent with 28 U.S.C. § 3624(c) which, in its opinion limited an inmate's placement in a RRC to the lessor of six months or ten percent of the inmate's sentence. Section 3624(c) provides as follows:

---

[1]The BOP formerly referred to an RRC and as a Community Corrections Center ("CCC"), and most of the policy statements and case law refer to then as a CCC. However, for purposes of this Report and Recommendation, the current designation of RRC is used.

2

> The Bureau of Prisons shall, to the extent practicable, assure that
> a prisoner serving a term of imprisonment spends a reasonable part,
> not to exceed six months, of the last 10 per centum of the term to be
> served under conditions that will afford the prisoner a reasonable
> opportunity to adjust to and prepare for the prisoner's re-entry into
> the community. The authority provided by this subsection may be
> used to place a prisoner in home confinement. The United States
> Probation System shall, to the extent practicable, offer assistance
> to a prisoner during such pre-release custody.

The BOP adopted the Office of Legal Counsel's interpretation of the statute, and numerous habeas petitions challenging the December 2002 Policy were filed. The First and Eighth Circuits, as well as many district courts, [2] found the policy contrary to the plain meaning of 18 U.S.C. § 3621(b) which states:

> The Bureau shall designate the place of the prisoner's imprisonment.
> The Bureau may designate any available penal or correctional facility
> that meets minimum standards of health and habitability established
> by the Bureau, whether maintained by the Federal government or
> otherwise and whether within or without the judicial district in which
> the person was convicted, that the Bureau determines to be appropriate
> and suitable, considering -
>
> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence -
>
> (A) concerning the purposes for which the sentence to imprisonment
> was determined to be warranted; or
>
> (B) recommending a type of penal or correctional facility as
> appropriate; and

---

[2] See Goldings v. Winn, 383 F.3d 17 (1st Cir. 2004); Elwood v. Jeter, 386 F.3d 842 (8th Cir. 2004); Cato V. Menifee, 2003 WL 22725524 at *4 (S.D.N.Y. Nov. 20, 2003 (collecting cases).

(5) any pertinent policy statement issued by the Sentencing Commission
pursuant to section 994(a)(2) of title 28.

In response to those decisions, the BOP created new regulations in 2005 governing the placement of inmates in RRCs. These regulations state that the BOP was engaging in a "categorical exercise of discretion" and choosing to "designate inmates to [RRC] confinement . . . during the last ten percent of the prison sentence being served not to exceed six months." 28 C.F.R. § 570.20-21. The new regulation expressly prohibits placement of prisoners in RRCs prior to the pre-release phase of imprisonment and provides:

> When will the **Bureau designate** inmates to **community** confinement?
>
> (a) The Bureau will designate inmates to community confinement only as part of pre-release custody and programming, during the **last ten percent** of the **prison sentence** being **served**, not to exceed six months.
>
> (b) We may exceed the time-frames only when specific Bureau programs allow greater periods of community confinement, as provided by separate statutory authority (for example, residential substance abuse treatment program . . . or shock incarceration program) . . .

28 C.F.R. § 570.21. (Emphasis added)

It is this regulation which prompts the petitioner's habeas challenge in the instant case.

### III. Analysis

**A. Pertinent Caselaw**

The Third Circuit Court of Appeals was the first court of appeals to address the issue raised in the instant case. In <u>Woodall v. Federal Bureau of Prisons</u>, 432 F.3d 235 (3d Cir. 2005), the Third Circuit recognized that the various district courts to address this issue were split as to the validity of the BOP's 2005 regulations. See <u>Woodall</u> at 244 (collecting cases). However, after analyzing the conflicting opinions, the Third Circuit found the regulation unlawful. <u>Id.</u> Specifically, the Third Circuit found that

4

the governing statute, 18 U.S.C. § 3621(b), "lists five factors that the BOP must consider in making placement and transfer determinations. The 2005 regulations, which categorically limit the amount of time an inmate may be placed in a Community Corrections Center ("RRC"), do not allow the BOP to consider these factors in full." Id. at 237. More specifically, the Court noted:

> [t]he regulations do not allow the BOP to consider the nature and circumstances of an inmate's offense, his or her history and pertinent characteristics, or most importantly, any statement by the sentencing court concerning a placement recommendation and the purposes for the sentence. And yet, according to the text and history of § 3621, these factors must be taken into account. The regulations are invalid because the BOP may not categorically remove its ability to consider the explicit factors set forth by Congress in § 3621(b) for making placement and transfer determinations.

Id. at 244; see also Wedelstedt v. Wiley, 477 F.3d 1160 (10th Cir. 2007); Levine v. Apker, 455 F.3d 71, 85-87 (2d Cir. 2006); Fults v. Sanders, 442 F.3d 1088, 1092 (8th Cir. 2006).

Relying on the clear weight of authority, this District has likewise concluded that the challenged regulations are invalid. See Smith v. Gutierrez, 2:06cv121 (N.D.W.Va. Sept. 26, 2007) (Maxwell, Sr. J.); Simcoke v. Phillips, 1:07cv77 (N.D.W.Va. Sept. 18, 2007) (Keeley, C. J.); Jaworski v. Gutierrez, 5:06cv157 (N.D.W.Va. Aug. 23, 2007) (Stamp, Sr. J.); Murdock v. Gutierrez, 3:06cv105 (N.D.W.Va. July 24, 2007) (Bailey, D.J.). However, in doing so, the Court has made clear that such a decision does not entitle any inmate to an Order from this Court directing that he be immediately transferred to a RRC for the last six months of his sentence. Id. In fact, the Court has explicitly noted that the BOP's regulations are invalid only to the extent that an inmate's placement in a RRC is limited to the lessor of 10% of his sentence, or six months, without consideration of the five factors set forth in 18 U.S.C. § 3621(b). Id. Thus, the invalidation of the BOP's regulations merely entitles an inmate to have his RRC placement considered in accordance with the five factors set forth in § 3621(b).

Here, the BOP has done all that it is required to do. The BOP has in fact considered the five

5

factors set forth in 18 U.S.C. § 3621(b). See Doc. 11 (petitioner's RRC referral form). Thus, the petitioner has received all the consideration he is due under § 3621(b), and the prior decisions of this Court.[3]

**C. Mootness**

Article III of the United States Constitution, limits the jurisdiction of the federal courts to cases or controversies. Therefore, a case becomes moot when there is no viable legal issue left to resolve. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3d Cir. 1996).

The petitioner has already been granted the relief available -- proper consideration of his RRC placement under § 3621(b). To the extent that the petitioner seeks an Order from the Court directing that he be granted the full six months halfway house placement, that is simply not relief that this Court has authority to grant. See Woodall v. Federal Bureau of Prisons, 432 F.3d at 251 ( "that the BOP may assign a prisoner to a RRC does not mean that it must"); see also Crahan v. Adams, 2004 WL 4020190 *17 (S.D.W.Va. June 28, 2004) (federal prisoners have no right under § 3621(b) to placement in a

---

[3]The undersigned acknowledges that the petitioner has asserted that the RRC referral form attached as an Exhibit to the Memorandum in Support of Motion to Dismiss is a false document, and the affidavit filed by the respondent contains perjured testimony. The petitioner asks that the Court find the respondent in contempt and issue sanctions. In support of his allegation that the referral form is a false document, the petitioner asserts that staff had previously completed a RRC referral form which did not contain the five factor consideration, and that the document supplied to the Court was filed solely to mislead this Court. The undersigned has no doubt that a RRC referral form was previously prepared which did not contain the five factor consideration. However, in keeping with the decisions issued by the United States District Court for the Northern District of West Virginia, the staff at FCI Morgantown have been re-evaluating placements using the five factors and without regard to the 10% limitation. (Doc. 7-3, p.2). Given that Ms. Little declared under penalty of perjury that her affidavit was true and references the referral form as a true and accurate copy, the undersigned finds no merit in the petitioner's allegations of fraud on the part of the BOP.

6

halfway house for the full six months).

## IV. Recommendation

Based on the foregoing, the undersigned recommends that the respondent's Motion to Dismiss (dckt. 7) be **GRANTED** and the petitioner's § 2241 petition be **DENIED** and **DISMISSED WITH PREJUDICE.**

Within ten (10) days after being served with a copy of this /Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); .

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide copies of this Report and Recommendation to counsel of record via electronic means.

DATED: April 11, 2008

      /s/ James E. Seibert
     JAMES E. SEIBERT
     UNITED STATES MAGISTRATE JUDGE